IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **GREGORY B. MYERS** | * | |
| | * | **Case No.  15-26033 WIL** |
| Debtor. | * | **(Chapter 7)** |
| | * | |
| ———————————————— | * | |
| | * | |
| **GREGORY B. MYERS** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **Adversary Proceeding No. _____** |
| | * | |
| MCNAMEE, HOSEA, JERNIGAN, KIM * | | |
| GREENAN & LYNCH, P.A. | * | |
| Attn: Stephen C. Hosea, Resident Agent | * | |
| 6411 Ivy Lane | * | |
| Suite 200 | * | |
| Greenbelt, Maryland 20770 | * | |
| | * | |
| Serve: McNamee, Hosea, Jernigan, | * | |
| Kim, Greenan & Lynch, P.A. | * | |
| c/o: Stephen C. Hosea, Resident Agent | * | |
| 6411 Ivy Lane | * | |
| Suite 200 | * | |
| Greenbelt, Maryland 20770 | * | |
| | * | |
| Defendant. | * | |
| ———————————————— | * | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, GREGORY B. MYERS ("Myers" or "Plaintiff"), *pro se*, and

files this Complaint and Demand for Jury Trial (the "Complaint") against the Defendant,

MCNAMEE, HOSEA, JERNIGAN, KIM, GREENAN & LYNCH, P.A. ("McNamee Hosea" or

1

"Defendant"), and for cause does allege as follows:

## PARTIES

1.      Plaintiff is a natural person who is a resident of the State of Florida.

2.      Defendant is a Maryland Professional Association.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this proceeding under 28 U.S.C § 1334.

4.      Venue is proper in this district because a substantial part of the conduct, events and omissions giving rise to the claims occurred within this District.

## FACTS

5.      On November 17, 2015, Myers executed a "Retainer Agreement" (the "Retainer Agreement") with McNamee Hosea to, *inter alia*, represent Myers "as his attorney to prepare and file a Chapter 11 Bankruptcy Petition, Schedules and Statement of Financial Affairs (the 'Petition'). The Law Firm will also appear at the Client's meeting of creditors and represent the Client in all matters relating to the Chapter 11 Bankruptcy." [**Exhibit A**].

6.      On November 17, 2015, Myers provided McNamee Hosea with a cashier's check (#1156001289) in the amount of $1,770.00. [**Exhibit B**].

7.      On November 18, 2015, Myers - through his attorneys McNamee Hosea - filed a voluntary petition for bankruptcy relief under the reorganization provisions of Chapter 11 of Tile 11 of the United States Code in the United States Bankruptcy Court for the District of Maryland, captioned *In re: Gregory B. Myers*, Case No. 15-26033-WIL (the "Bankruptcy Case") (Doc. 1).

8.      On November 24, 2015, McNamee Hosea filed a *Disclosure of Compensation Pursuant to Fed.R.Bankr.P. 2016(b)* (Doc. 10).

2

9.      On the December 6, 2015, McNamee Hosea filed an *Application for Approval of Employment of James M. Greenan, Esquire, and McNamee Hosea Jernigan Kim Greenan & Lynch, P.A. as Counsel for Debtor* (the "Application to Employ McNamee Hosea") (Doc. 18).   The Application to Employ McNamee Hosea, *inter alia*, states:

> The Law Firm represents no other entity in connection with this bankruptcy proceeding, is disinterested as that term is defined in 11 U.S.C. §101(14). The Law Firm (i) is not a creditor, an equity security holder, or an insider of the Debtor; (ii) is not and was not, within two (2) years before the date of filing of the petition a director, officer or employee of the Debtor; and (iii) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. Further, the Law Firm holds no interest adverse to the interest of the Debtor with respect to the matter on which it is to be employed.
>
> The Law Firm has no connection with the Debtor, Debtor's creditors, any parties in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

10.      Attached to and made a part of the Application to Employ McNamee Hosea is a *Declaration in Support of Application McNamee Hosea Jernigan Kim Greenan & Lynch, P.A. As Counsel for Debtor* (Doc. 18-1), executed by James M. Greenan, Esq. (the "Greenan Declaration").

The Greenan Declaration, *inter alia*, states:

> Neither I nor McNamee Hosea represent any other entities in connection with this case, are disinterested as that term defined in 11 U.S.C. §101(14). Neither I nor McNamee Hosea (i) is a creditor or an insider of the Debtor Gregory B. Myers [the "Debtor"]; (ii) am not and was not, within two years before the date of filing of the petition a director, officer or employee of the Debtor; and (iii) do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or

3

for any other reason. Further, neither I nor McNamee Hosea holds an interest adverse to the interest of the Debtor.

Except as set forth herein, the Law Firm and I have no connection with the Debtor, the Debtor's creditors, any other party in interest, their respective attorneys, the United States Trustee, or any person employed in the office of the United States Trustee.

11.    On or about December 7, 2015, Myers issued to McNamee Hosea check #101 for $5,000.00. **[Exhibit C]**. McNamee Hosea applied this post-petition payment to pre-petition charges.

12.    On December 28, 2015 the Court entered an *Order Approving Employment of James M. Greenan, Esquire and McNamee Hosea Jernigan Kim Greenan & Lynch, P.A., as Counsel for Debtor* (Doc. 23).

13.    On December 29, 2015, McNamee Hosea filed an *Amended Disclosure of Compensation Pursuant to Fed.R.Bankr.P. 2016(b)* (Doc. 25).

14.    On or about January 7, 2016, Myers issued to McNamee Hosea check #109 for $5,000.00. **[Exhibit D]**.

15.    On or about February 1, 2016, Myers issued to McNamee Hosea check #110 for $5,000.00. **[Exhibit E]**.

16.    On or about February 25, 2016, McNamee Hosea - as attorneys for Plaintiff - filed a *Response to Order to Show Cause* in a case pending in the Maryland Court of Special Appeals, Case No. 1905, September Term 2015, styled *Barbara Ann Kelly, et al. v. Mark H. Wittstadt, et al.*.

17.    On March 22, 2016, McNamee Hosea filed a *Supplemental Disclosure of Compensation Pursuant to Fed.R.Bankr.P. 2016(b)* (Doc. 53).

18.    On or about April 1, 2016, Barbara Ann Kelly ("Kelly") issued to McNamee Hosea a check for $5,000.00 (the check is noted "Retainer – Myers"). **[Exhibit F]**.

4

19.     On or about May 1, 2016, Myers issued to McNamee Hosea check #134 for $5,000.00. [**Exhibit G**].

20.     On or about June 21, 2016, McNamee Hosea entered its appearance as "counsel for Barbara Ann Kelly and Gregory Myers, Third Party Plaintiffs" in Case No. 401247-V pending in the Circuit Court for Montgomery County, Maryland.

21.     On June 24, 2016, Craig M. Palik, Esquire with the firm of McNamee Hosea filed a *Notice of Entry of Appearance* in Plaintiff's Bankruptcy Case (Doc. 93).

22.     On August 4, 2016, McNamee Hosea filed a *Supplemental Disclosure of Compensation Pursuant to Fed.R.Bankr.P. 2016(b)* (the "August 4, 2016 Disclosure") (Doc. 102). The August 4, 2016 Disclosure *counterfactually* states "The source of payments was from the Debtor," when, in fact, the "source of payments" included payment from Barbara Ann Kelly.

23.     On August 5, 2016, McNamee Hosea filed its *First Interim Application of McNamee Hosea Jernigan Kim Greenan & Lynch, P.A. for Allowance of Compensation and Reimbursement of Expenses (November 18, 2015 through June 30, 2016)* (the "First Interim Application") (Doc. 103). The First Interim Application states, "As disclosed in its Statements Pursuant to Rule 2016(B), the Debtor has provided McNamee Hosea $20,000.00 in retainer payments after to the Petition Date. Docket Nos. 25, 53, and 82." McNamee Hosea's First Interim Application failed to disclose that Barbara Ann Kelly provided McNamee Hosea with $5,000.00 in "retainer payments after the Petition Date" – *in addition to* the $20,000.00 in retainer payments which the Debtor provided to McNamee Hosea after the Petition Date. The First Interim Application also contains entries for legal services allegedly performed by McNamee Hosea in connection with matters pertaining to Barbara Ann Kelly, individually, and Serv Trust.

5

24.     On or about September 8, 2016, McNamee Hosea filed *Third Party Plaintiffs' Notice of Appeal* for "Third Party Plaintiff's Barbara Ann Kelly and Gregory Myers" <u>from</u> Case No. 401247-V pending in the Circuit Court for Montgomery County, Maryland <u>to</u> the Maryland Court of Special Appeals, Case No. 01483, September Term 2016.

25.     On September 29, 2016, the Court entered an *Order Granting First Interim Application of McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. for Allowance of Compensation and Reimbursement of Expenses (November 18, 2015 through June 30, 2016)* (Doc. 129).

26.     On October 18, 2016, Myers - through his attorneys McNamee Hosea - filed Adversary Proceeding No. 16-00474, *Debtor's Complaint to Determine Priority and Extent of Lien of Offit Kurman P.A., Objection to Proof of Claim No. 14 and Notice of Objection* (the "Offit Kurman Adversary").

27.     On October 18, 2016, Judy A. Robbins, the United States Trustee for Region 4 (the "UST") filed a *Motion to Convert Case to Chapter 7 or, In the Alternative, to Dismiss Case* (Doc. 167).

28.     On January 4, 2017, McNamee Hosea filed a *Motion for Leave of Court to Withdraw as Counsel for Debtor, to Strike Appearances and to Deposit Escrow Funds into the Registry of the Court* (the "January 4, 2017 Motion to Withdraw") (Doc. 250).

29.     On January 10, 2017 – while the January 4, 2017 Motion to Withdraw was pending and unresolved in the Bankruptcy Court - James M. Greenan, Esq. ("Greenan") met with Myers and

6

Kelly at the offices of McNamee Hosea.[1] At the January 10, 2017 meeting, Greenan told Myers and

Kelly that Myers' bill with McNamee Hosea (which according to Greenan was $162,000 at that time)

is "twice as much as it should be." Greenan further promised Myers, "I am going to give you a

*significant* discount at the end of the case," but added "don't say anything to my partners" (i.e., about

the "significant discount"). Myers understood "significant discount" to mean a 50% discount off the

bill, because according to Greenan, the bill was "twice as much as it should be."

        30.     At that same January 10, 2017 meeting, Greenan advised Myers and Kelly that they

needed to sign a "Contribution and Guarantee Agreement for Payment of Legal Fees" prepared by

McNamee Hosea (the "Contribution and Guarantee Agreement"). The Contribution and Guarantee

Agreement, *inter alia*, states:

> WHEREAS, Myers is currently a debtor in a Chapter 11 bankruptcy
> case pending in the United States Bankruptcy Court for the District of
> Maryland (the "Bankruptcy Court"), Case No. 15-26033 WIL (the
> "Bankruptcy Case");
>
>            ***
>
> Any such one-third (33.3%) payment to DEFENDANT toward the
> payment of legal fees that have been incurred by Myers in the
> Bankruptcy Case shall be payable within three days of receipt of any
> funds by Kelly and Myers pursuant to the entry of such Order by the
> Bankruptcy Court granting in whole or in part the Kelly Surplus
> Escrow Funds Motion and shall be **irrevocably and unconditionally
> assigned** to [McNamee Hosea Jernigan Kim Greenan & Lynch, P.A.].
>
>            ***
>
> The obligations and liability of Kelly and Myers shall not be
> discharged, released, affected or impaired by: (a) Bankruptcy,
> insolvency, reorganization, liquidation, dissolution, winding up or
> other proceedings affecting Myers, or the disaffirmance or rejection

---

[1] Craig Palik was not present for the January 10, 2017 meeting.

> of any agreements with Myers in such proceedings, regardless of
> whether any or all of the foregoing is or are done or made with or
> without the consent of Kelly and Myers or [McNamee Hosea Jernigan
> Kim Greenan & Lynch, P.A.].
>
>            ***
>
> [McNamee Hosea Jernigan Kim Greenan & Lynch, P.A.] may seek
> Bankruptcy Court approval of this Agreement to the extent it is
> deemed to be legally required.

(Emphasis added).

      31.    At the time the Contribution and Guarantee Agreement was prepared and executed, Myers was represented by McNamee Hosea. At no time did McNamee Hosea (or Greenan or Palik) advise Myers to seek independent legal counsel to advise Myers with respect to the Contribution and Guarantee Agreement and Myers' legal rights.

      32.    On January 13, 2017, Myers (individually), Kelly (individually), and Serv Trust executed the Contribution and Guarantee Agreement. On January 16, 2017, McNamee Hosea executed the Contribution and Guarantee Agreement.

      33.    On January 16, 2017, McNamee Hosea filed a *Line Withdrawing Motion for Leave of Court to Withdraw as Counsel for Debtor, to Strike Appearances and to Deposit Escrow Funds into the Registry of the Court* (Doc. 266).

      34.    On January 31, 2017, McNamee Hosea filed a *Supplemental Disclosure of Compensation Pursuant to Fed.R.Bankr.P. 2016(b)* (the "January 31, 2017 Supplemental Disclosure") (Doc. 285), attaching thereto a copy of the executed Contribution and Guarantee Agreement. The January 31, 2017 Supplemental Disclosure discloses – for the first time – the existence of the Contribution and Guarantee Agreement. The January 31, 2017 Supplemental

Disclosure, *inter alia*, states:

> The undersigned, pursuant to Bankruptcy Rule 20 16(b), states that:
> 1. The undersigned is the attorney for the Debtor in this case.
> 2. No additional compensation has been paid by the Debtor to the undersigned as of the date of filing of this Supplemental Disclosure of Compensation Pursuant to Fed.R.Bankr.P. 2016(b). However, the Debtor's non-filing spouse has agreed, on a limited basis, to contribute and guaranty the Debtor's fees to the undersigned pursuant to the terms of the attached Contribution and Guaranty Agreement for Payment of Legal Fees.

35.     On February 13, 2017, Myers - through his attorneys McNamee Hosea - filed Adversary Proceeding No. 17-00079, *Debtor's Complaint to Determine Priority and Extent of Lien of Navy Federal Credit Union, Objection to Proof of Claim No. 1 and Notice of Objection* styled *Gregory B. Myers v. Navy Federal Credit Union* (the "NFCU Adversary").

36.     On February 14, 2017, McNamee Hosea filed an *Amended Supplemental Disclosure of Compensation Pursuant to Fed.R.Bankr.P. 2016(b)* (the "February 14, 2017 Supplemental Disclosure") (Doc. 310). The February 14, 2017 Supplemental Disclosure, *inter alia*, states:

> The source of payments totaling $10,000.00 was $5,000.00 from the Debtor and **$5,000.00 from the Debtor's wife, Barbara Ann Kelly**. The balance of the retainer, after payment of pre-petition fees incurred by the Law Firm in the thirty (30) day period prior to the Petition Date, will be held in escrow to pay fees and expenses upon Bankruptcy Court approval.
>
> **The undersigned has received no transfer, assignment or pledge of property from Debtor.**

(Emphasis added).

37.     On February 22, 2017, on motion filed by the Judy A. Robbins, the United States Trustee for Region 4, the Court entered an *Order Granting Motion to Convert Case to Chapter 7 or, In the Alternative, to Dismiss Case* (Doc. 316).

9

38.     On February 22, 2017, Roger Schlossberg was appointed as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Gregory B. Myers (the "Estate") (Doc. 319).

39.     On April 13, 2017, James M. Greenan, Craig M. Palik and McNamee Hosea filed a *Motion for Leave of Court to Withdraw as Counsel for Debtor and to Strike Appearances* (the "April 13, 2017 Motion to Withdraw") (Doc. 397).

40.     On May 2, 2017, this Court entered a *Corrected Order Granting Leave of Court to Withdraw as Counsel for Debtor and to Strike Appearances* (Doc. 434).

41.     On May 18, 2017, McNamee Hosea filed its *Second and Final Application of McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. for Allowance of Compensation and Reimbursement of Expenses (July 1, 2016 through February, 22, 2017)* (the "Final Fee Application") (Doc. 464).  In the Final Fee Application, McNamee Hosea seeks an allowance of fees and expenses for the period July 1, 2016 through February 22, 2017 totaling $179,052.13; and a final allowance of fees and expenses for the period of November 18, 2015 through June 30, 2016 totaling $54,183.77.

42.     On June 9, 2017, Myers filed *Debtor's Objection to Second and Final Application of McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. for Allowance of Compensation and Reimbursement of Expenses* (the "Myers Objection") (Doc. 496).

43.     On June 9, 2017, Kelly also filed an *Objection to Second and Final Application of McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. for Allowance of Compensation and Reimbursement of Expenses* (the "Kelly Objection") (Doc. 497).

44.     On June 20, 2017, McNamee Hosea filed a Proof of Claim (Claims Register No. 19), claiming $203,460.90 for "Contract, Legal Services and Expenses, Contribution and Guaranty" ("Claim 19"). No part of Claim 19 is secured. The "Proof of Claim Worksheet" attached to Claim 19

10

states, "Pursuant to the attached Contribution and Guaranty Agreement, Barbara Ann Kelly

guarantees all past and future fees up to $250,000. The Proof of Claim amount of $203,460.90 is a

joint obligation of Barbara Ann Kelly and Gregory B. Myers." Attached to Claim 19, *inter alia*, is a

copy of the Retainer Agreement and a copy of the Contribution and Guarantee Agreement.

45.    On August 29, 2017, the Court convened a status hearing on the McNamee Hosea

Final Fee Application.  At that hearing, the following colloquy took place concerning malpractice

claims and causes of action which Myers asserts against McNamee Hosea:

> THE COURT:  Mr. Sweeney, there was a comment made by Mr.
> Fogarty that – a question as to whether or not the Trustee intended to
> pursue any claims that Mr. Myers believes he has aginst the law firm
> of McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., or was
> planning on abandoning it. I don't know whether or not that's
> something that the Trustee has looked at.
> MR. SWEENEY:  *** We found no basis for malpractice, and
> consequently we don't believe there is a malpractice cause of action.
> ***
> MR. FOGARTY: Do I take that You Honor then as essentially an *ore
> tenus* notice of abandonment, and that is something that the Debtor
> can then act on?
> THE COURT:  *** If the Trustee plans on abandoning a claim, he
> has to give notice to creditors ... usually the Trustee will send a
> notice out if they're planning on abandoning a claim.
> MR. SWEENEY:  I believe that would be a 6004 notice, and **the
> Trustee has nothing to abandon**. Consequently, the Trustee did not
> determine that there was anything that needed notice."

46.    On September 1, 2017, the bankruptcy court entered an *Order Continuing Hearing*

*and Precluding Discovery in Connection with Second and Final Application of McNamee, Hosea,*

*Jernigan, Kim, Greenan & Lynch, P.A. for Allowance of Compensation and Reimbursement of*

*Expenses for the Period of July 1, 2016 through February, 22, 2017* (the "Injunction Order").[2]  The

---

[2] On September 15, 2017, Myers timely filed a Notice of Appeal of the Injunction Order, which appeal is currently
pending in the United States District Court for the District of Maryland, Case No. 8:17-cv-02781-PX.

Injunction Order, *inter alia*, provides "that the Debtor, Barbara Ann Kelly and McNamee Hosea shall be precluded from taking any discovery on the Application."

47.    On September 4, 2017, McNamee Hosea filed a *Stipulation Between McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. and the United States Trustee Concerning Second and Final Application for Allowance of Compensation and Reimbursement of Expenses for the Period of July 1, 2016 through February, 22, 2017* (the "Stipulation"). The Stipulation provides:

> McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. ("McNamee Hosea") and the United States Trustee have reached an agreement [3] resolving certain concerns raised by the United States Trustee to McNamee, Hosea's Second and Final Application for Allowance of Compensation and Reimbursement of Expenses as Counsel for the Period of July 1, 2016 through February 22, 2017 (the "Application") [Docket No. 464].

> McNamee Hosea hereby stipulates and agrees that any fees awarded to McNamee Hosea under the Application shall be further reduced by $4,775.00, and that McNamee Hosea shall ensure that such reduction is incorporated into any order entered by the Court resolving the Application.

48.    On October 17, 2017, in the NFCU Adversary, the Trustee filed *Trustee's Opposition to Debtor's Motion to Reconsider Order Entering Consent Judgment*, wherein the Trustee argued:

> Next, the Debtor contends that his former counsel, McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. ("McNamee Hosea"), never provided him with notice of their intent to withdraw as his counsel in this adversary proceeding and that he never was advised by McNamee Hosea or this Court to have new counsel enter an appearance on his behalf. *** Further, to the extent the Debtor complains about McNamee Hosea's alleged negligence, *see* Mot. to Reconsider, at ¶ 22, **his remedy would seem to be a malpractice action against counsel** rather than an order vacating the instant consent judgment. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("**if**

---

[3] The Court's entry of the Injunction Order has severely prejudiced Plaintiff's due process rights by precluding Plaintiff from discovering the nature of the "agreement" reached between McNamee Hosea and the United States Trustee.

> an attorney's conduct falls substantially below what is reasonable
> under the circumstances, the client's remedy is against the
> attorney in a suit for malpractice").

49.    On October 19, 2017, in the Offit Kurman Adversary, the Trustee filed *Trustee's Opposition to Debtor's Motion to Strike Motion for Approval of Proposed Compromise and Settlement*, wherein the Trustee argued:

> Next, the Debtor contends that his former counsel, McNamee, Hosea,
> Jernigan, Kim, Greenan & Lynch, P.A. ("McNamee Hosea"), never
> provided him with notice of their intent to withdraw as his counsel in
> this adversary proceeding and that he never was advised by McNamee
> Hosea or this Court to have new counsel enter an appearance on his
> behalf. *** Further, to the extent the Debtor perceives that McNamee
> Hosea committed professional negligence, *see* Mot. to Strike, at ¶ 18,
> **his remedy would seem to be a malpractice action against counsel**
> rather than an order striking the Trustee's *Motion for Approval*. *See,
> e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) (**"if an
> attorney's conduct falls substantially below what is reasonable
> under the circumstances, the client's remedy is against the
> attorney in a suit for malpractice"**).

## COUNT I
## BREACH OF CONTRACT

50.    Plaintiff incorporates each and every preceding paragraph of this Complaint as though fully set forth herein.

51.    The Representation Agreement is a valid, binding, and enforceable contract between Plaintiff and Defendant, evidences the Defendant's promise to give legal advice to the Plaintiff, and evidences an attorney-client relationship between the Plaintiff and the Defendant.

52.    Plaintiff made payments to the Defendant in connection with the Representation Agreement, which payments constitute consideration to the Defendant.

53.    Plaintiff is not in default under the Representation Agreement, and no legal basis

exists for the Defendant's assertion of any claim against Plaintiff, including without limitation, Claim 19.

54.     The Representation Agreement obligated the Defendant, as Plaintiff's attorneys, to provide skillful and competent representation and to act at all times in good faith and in the Plaintiff's best interests, to perform the services for which Defendant was retained with reasonable care, skill, and diligence that are commonly exercised by other attorneys in similar conditions and circumstances, and to act in Plaintiff's highest and best interests at all times, and to not expose Plaintiff to any unnecessary risk or peril.

55.     The Defendant's own internal documents are inconsistent with the billing statements attached to the Final Fee Application.

56.     The Defendant materially breached the Representation Agreement by purportedly rendering services to the Plaintiff that were not necessary or reasonable in view of the nature of the Plaintiff's Bankruptcy Case and related matters.

57.     The Defendant materially breached the Representation Agreement by failing to properly account for fees received and retained by Defendant.

58.     The Defendant materially breached the Representation Agreement by billing Plaintiff for work related to third parties, not the Plaintiff.

59.     The Defendant materially breached the Representation Agreement by failing to perform the necessary legal research to properly advise the Plaintiff with respect to the material issues and legal positions in Plaintiff's Bankruptcy Case.

60.     The Defendant materially breached the Representation Agreement by failing to work diligently to put the Plaintiff into a position to achieve confirmation of a Chapter 11 plan of

14

reorganization.

61.    The Defendant materially breached the Representation Agreement by failing to timely file adversary proceedings as needed to protect the Plaintiff's interests, and in order to resolve disputed claims and liens asserted in the Bankruptcy Case.

62.    The Defendant materially breached the Representation Agreement by failing to defend Plaintiff from the improper, unethical, and unlawful actions of the Office of the United States Trustee, including without limitation, the improper, unethical, and unlawful actions of Lynn Kohen, Esquire, trial attorney with the Office of the United States Trustee.

63.    The Defendant's material breach of the Representation Agreement denied Plaintiff the benefit of his bargain.

64.    As a result of the Defendant's material breach of the Representation Agreement, Plaintiff has suffered material damages, which material damages equal or exceed the entire amount claimed by the Defendant in its Proof of Claim (Claim 19).

65.    As a result of the Defendant's material breach of the Representation Agreement, Plaintiff has been materially harmed, and has incurred various material damages, costs and expenses associated with Plaintiff being forced to deal with the improper and unlawful actions of the Defendant and its agents, including without limitation, being forced to deal with the Defendant's fraudulent filing of its Proof of Claim (Claim 19).

.    WHEREFORE, Plaintiff prays for relief as follows:

(a)    That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for breach of contract, and that the Court award Myers those losses and damages incurred by Myers as a result of McNamee Hosea's breach of contract;

15

(b)    That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for all foreseeable losses and damages incurred by Myers as a result of McNamee Hosea breach of contract;

(c)    That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for punitive damages, in an amount *not less than* Ten Million Dollars ($10,000,000.00), as a result of McNamee Hosea's breach of contract;

(d)    That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for attorneys' fees and costs incurred by Myers in connection with his prosecution of this action as a result of McNamee Hosea's breach of contract; and

(e)    For such further and other relief as the Court may deem just and proper.

## COUNT II
## NEGLIGENT MISREPRESENTATION

66.    Plaintiff incorporates each and every preceding paragraph of this Complaint as though fully set forth herein.

67.    The Representation Agreement is a valid, binding, and enforceable contract between Plaintiff and Defendant, evidences the Defendant's promise to give legal advice to the Plaintiff, and evidences an attorney-client relationship between the Plaintiff and the Defendant.

68.    Defendant had a duty of care in advising Plaintiff to execute the Contribution and Guarantee Agreement.

69.    Defendant was in a superior position to know that the Contribution and Guarantee Agreement was unlawful and not in Plaintiff's best interests.

16

70.    Notwithstanding Defendant's superior knowledge, Defendant in its own capacity and in concert with its principals, negligently advised Plaintiff for the sole purpose of inducing Plaintiff to execute the Contribution and Guarantee Agreement, which Contribution and Guarantee Agreement was unlawful.

71.    The Defendant and its principals knew their representations to be false, being persons intimately familiar with the practice of law and the nature of the Contribution and Guarantee Agreement and the Plaintiff's Bankruptcy Case.  Despite this familiarity, the Defendant and its principals propagated the aforementioned false representations and material omissions to the benefit of their business interests and to the detriment of Plaintiff's economic interests.

72.    The Defendant and its principals had actual knowledge of the wrongfulness of the conduct in question and the high probability that Plaintiff would reasonably rely on their false representations and material omissions, resultantly incurring injury and damages.

73.    The Defendant and its principals, despite such knowledge, intentionally pursued this conduct.

74.    The Plaintiff did justifiably and detrimentally rely on the representations made by the Defendant and its principals to induce Plaintiff to sign the Contribution and Guarantee Agreement.

75.    These false representations and material omissions resulted in Plaintiff signing the Contribution and Guarantee Agreement which Plaintiff would not have done had such negligent misrepresentation not occurred.

76.    Plaintiff justifiably relied on the legal advice given by Defendant and its principals to execute the Contribution and Guarantee Agreement.

77.     Plaintiff's reliance on the Defendant's representations and legal advice was material to Plaintiff's decision to execute the Contribution and Guarantee Agreement.

78.     The Defendant's representations were false, and the falsity of these representations is material inasmuch as these representations substantially weighed on Plaintiff's decision to execute the Contribution and Guarantee Agreement.

79.     The Defendant's representations were made with reckless disregard as to the truth of the matters, with the intention that Plaintiff would rely on the Defendant's representations.

80.     Plaintiff's reliance on the Defendant's representations and legal advice caused Plaintiff to suffer material injury and material damages.

81.     As a result of the Defendant's material breach of its duty of care to the Plaintiff, Plaintiff has been materially harmed, and has incurred various damages, costs and expenses associated with Plaintiff being forced to deal with the improper and unlawful actions of Defendant and its agents, including without limitation, being forced to deal with the Defendant's fraudulent filing of its Proof of Claim (Claim 19).

WHEREFORE, Plaintiff prays for relief as follows:

(a)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for negligent misrepresentation, and that the Court award Myers those losses and damages incurred by Myers as a result of McNamee Hosea's negligent misrepresentation;

(b)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for all foreseeable losses and damages incurred by Myers as a result of McNamee Hosea's negligent misrepresentation;

(c)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for

18

punitive damages, in an amount *not less than* Ten Million Dollars ($10,000,000.00), as a result of McNamee Hosea's negligent misrepresentation;

(d)    That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for attorneys' fees and costs incurred by Myers in connection with his prosecution of this action as a result of McNamee Hosea's negligent misrepresentation; and

(e)    For such further and other relief as the Court may deem just and proper.

## COUNT III
## NEGLIGENCE

82.    Plaintiff incorporates each and every preceding paragraph of this Complaint as though fully set forth herein.

83.    The Representation Agreement is a valid, binding, and enforceable contract between Plaintiff and Defendant, evidences the Defendant's promise to give legal advice to the Plaintiff, and evidences an attorney-client relationship between the Plaintiff and the Defendant.

84.    Defendant had a duty to Plaintiff to advise him to only execute documents that were authorized, lawful and in the Plaintiff's best interest.

85.    Defendant's advice to Plaintiff to execute the Contribution and Guarantee Agreement constituted a breach of this duty because the Contribution and Guarantee Agreement was unauthorized, unlawful, and not in Plaintiff's best interest.

86.    Defendant undertook no actions to put Plaintiff on notice that the Contribution and Guarantee Agreement was unauthorized, unlawful, and not in Plaintiff's best interests, constituting a material omission of fact.

87.    But for the Defendant advising Plaintiff to execute the Contribution and Guarantee

Agreement, Plaintiff would not have executed the unauthorized and unlawful Contribution and Guarantee Agreement, which Contribution and Guarantee Agreement is not in the Plaintiff's best interest.

88.    The breach of Defendant's duty did cause Plaintiff certain harm and damage inasmuch it resulted in Plaintiff executing the unauthorized and unlawful Contribution and Guarantee Agreement, which Contribution and Guarantee Agreement is not in the Plaintiff's best interest.

89.    Defendant was in a superior position to know that the Contribution and Guarantee Agreement was unauthorized and unlawful and not in Plaintiff's best interest.

90.    Notwithstanding Defendant's superior knowledge, Defendant in its own capacity and in concert with its principals, negligently advised Plaintiff for the sole purpose of inducing Plaintiff to execute the Contribution and Guarantee Agreement, which Contribution and Guarantee Agreement was unauthorized and unlawful and not in Plaintiff's best interest.

91.    The Defendant and its principals knew these representations to be false, being persons intimately familiar with the practice of law and the nature of the Contribution and Guarantee Agreement and the Plaintiff's Bankruptcy Case. Despite this familiarity, the Defendant and its principals propagated the false representations and material omissions to the benefit of their business interests and to the detriment of Plaintiff's economic interests.

92.    The Defendant and its principals had actual knowledge of the wrongfulness of the conduct in question and the high probability that Plaintiff would reasonably rely on their false representations and material omissions, resultantly incurring injury and damages.

93.    The Defendant and its principals, despite such knowledge, intentionally pursued

20

this conduct.

94.     The Plaintiff did justifiably and detrimentally rely on the representations made by the Defendant to induce Plaintiff to sign the Contribution and Guarantee Agreement.

95.     These false representations and material omissions resulted in Plaintiff signing the Contribution and Guarantee Agreement which Plaintiff would not have done had such negligence not occurred.

96.     Plaintiff justifiably relied on the legal advice given by the Defendant and its principals to execute the Contribution and Guarantee Agreement.

97.     Plaintiff's reliance on the Defendant's representations and legal advice was material to Plaintiff's decision to execute the Contribution and Guarantee Agreement.

98.     The Defendant's representations were false, and the falsity of these representations is material inasmuch as these representations substantially weighed on Plaintiff's decision to execute the Contribution and Guarantee Agreement.

99.     The Defendant's representations were made with reckless disregard as to the truth of the matters, with the intention that Plaintiff would rely on the Defendant's representations.

100.    Plaintiff's reliance on the Defendant's representations and legal advice caused Plaintiff to suffer material damages and injury. As a result of the Defendant's material breach of its duty to the Plaintiff, Plaintiff has been materially harmed, and has incurred various material damages, costs and expenses associated with Plaintiff being forced to deal with the improper and unlawful actions of Defendant and its agents, including without limitation, being forced to deal with the Defendant's fraudulent filing of its Proof of Claim (Claim 19).

WHEREFORE, Plaintiff prays for relief as follows:

21

(a)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for negligence, and that the Court award Myers those losses and damages incurred by Myers as a result of McNamee Hosea's negligence;

(b)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for all foreseeable losses and damages incurred by Myers as a result of McNamee Hosea's negligence;

(c)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for punitive damages, in an amount *not less than* Ten Million Dollars ($10,000,000.00), as a result of McNamee Hosea's negligence;

(d)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for attorneys' fees and costs incurred by Myers in connection with his prosecution of this action as a result of McNamee Hosea's negligence; and

(e)     For such further and other relief as the Court may deem just and proper.

## COUNT IV
### FRAUD

101.    Plaintiff incorporates each and every preceding paragraph of this Complaint as though fully set forth herein.

102.    The Representation Agreement is a valid, binding, and enforceable contract between Plaintiff and Defendant, evidences the Defendant's promise to give legal advice to the Plaintiff, and evidences an attorney-client relationship between the Plaintiff and the Defendant.

103.    The Defendant made false statements of material fact to Plaintiff that the Contribution and Guarantee Agreement was authorized, lawful and in the Plaintiff's best interest.

104.    The Defendant represented to Plaintiff, through acts of material omission, that the

22

Contribution and Guarantee Agreement was authorized, lawful and in the Plaintiff's best interest.

105. The Defendant knew that its statements were false or made the statements without knowledge of the statements' truth or falsity.

106. The Plaintiff was ignorant of the falsity off the Defendant's representations, and the falsity of these representations is material inasmuch as the Plaintiff reasonably relied on these representations in his decision to execute the Contribution and Guarantee Agreement.

107. The Defendant and its principals knew these representations to be false, being persons intimately familiar with the practice of law and the nature of the Contribution and Guarantee Agreement and the Plaintiff's Bankruptcy Case. Despite this familiarity, the Defendant and its principals propagated the false representations and material omissions to the benefit of their business interests and to the detriment of Plaintiff's economic interests.

108. The Defendant intended for its false statements of material fact, false representations, and material omissions to induce Plaintiff to enter into the Contribution and Guarantee Agreement.

109. The Defendant had actual knowledge of the wrongfulness of the conduct in question and the high probability that Plaintiff would reasonably rely on the Defendant's false statements of material fact, false representations, and material omissions, resultantly incurring damages.

110. The Defendant and its principals, despite such knowledge, intentionally pursued this conduct.

111. The Defendant's false statements of material fact, false representations, and material omissions were each part of a scheme to induce Plaintiff to execute the Contribution and Guarantee Agreement.

112.    The Plaintiff did justifiably and detrimentally rely on the Defendant's false statements of material fact, false representations, and material omissions.

113.    The Defendant's false statements of material fact, false representations, and material omissions resulted in the Plaintiff executing the Contribution and Guarantee Agreement, which the Plaintiff would not have done had such fraud not occurred.

114.    The Defendant's false statements of material fact, false representations, and material omissions resulted in Plaintiff incurring alleged liability which exceeds that which Plaintiff would have incurred had such fraud not occurred.

115.    The Defendant's false statements of material fact, false representations, and material omissions have resulted in the Plaintiff being materially damaged.

WHEREFORE, Plaintiff prays for relief as follows:

(a)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for fraud, and that the Court award Myers those losses and damages incurred by Myers as a result of McNamee Hosea's fraud;

(b)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for all foreseeable losses and damages incurred by Myers as a result of McNamee Hosea's fraud;

(c)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for punitive damages, in an amount *not less than* Ten Million Dollars ($10,000,000.00), as a result of McNamee Hosea's fraud;

(d)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for attorneys' fees and costs incurred by Myers in connection with his prosecution of this action as a result of McNamee Hosea's fraud; and

24

(e)     For such further and other relief as the Court may deem just and proper.

## COUNT V
## CONSTRUCTIVE FRAUD

116.    Plaintiff incorporates each and every preceding paragraph of this Complaint as though fully set forth herein.

117.    The Representation Agreement is a valid, binding, and enforceable contract between Plaintiff and Defendant, evidences the Defendant's promise to give legal advice to the Plaintiff, and evidences an attorney-client relationship between the Plaintiff and the Defendant.

118.    The Defendant made false statements of material fact to Plaintiff that the Contribution and Guarantee Agreement was authorized, lawful and in the Plaintiff's best interest.

119.    The Defendant represented to Plaintiff, through acts of material omission, that the Contribution and Guarantee Agreement was authorized, lawful and in the Plaintiff's best interest.

120.    The Defendant knew that its statements were false or made the statements without knowledge of the statements' truth or falsity.

121.    The Plaintiff was ignorant of the falsity off the Defendant's representations, and the falsity of these representations is material inasmuch as the Plaintiff reasonably relied on these representations in his decision to execute the Contribution and Guarantee Agreement.

122.    The Defendant and its principals knew these representations to be false, being persons intimately familiar with the practice of law and the nature of the Contribution and Guarantee Agreement and the Plaintiff's Bankruptcy Case.  Despite this familiarity, the Defendant and its principals propagated the false representations and material omissions to the benefit of their business interests and to the detriment of Plaintiff's economic interests.

25

123.    The Defendant intended for its false statements of material fact, false representations, and material omissions to induce Plaintiff to enter into the Contribution and Guarantee Agreement.

124.    The Defendant had actual knowledge of the wrongfulness of the conduct in question and the high probability that Plaintiff would reasonably rely on the Defendant's false statements of material fact, false representations, and material omissions, resultantly incurring damages.

125.    The Defendant and its principals, despite such knowledge, intentionally pursued this conduct.

126.    The Defendant's false statements of material fact, false representations, and material omissions were each part of a scheme to induce Plaintiff to execute the Contribution and Guarantee Agreement.

127.    The Plaintiff did justifiably and detrimentally rely on the Defendant's false statements of material fact, false representations, and material omissions.

128.    The Defendant's false statements of material fact, false representations, and material omissions resulted in the Plaintiff executing the Contribution and Guarantee Agreement, which the Plaintiff would not have done had such constructive fraud not occurred.

129.    The Defendant's false statements of material fact, false representations, and material omissions resulted in Plaintiff incurring alleged liability which exceeds that which Plaintiff would have incurred had such fraud not occurred.

130.    The Defendant's false statements of material fact, false representations, and material omissions have resulted in the Plaintiff being materially damaged.

WHEREFORE, Plaintiff prays for relief as follows:

26

(a)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for constructive fraud, and that the Court award Myers those losses and damages incurred by Myers as a result of McNamee Hosea's constructive fraud;

(b)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for all foreseeable losses and damages incurred by Myers as a result of McNamee Hosea's constructive fraud;

(c)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for punitive damages, in an amount *not less than* Ten Million Dollars ($10,000,000.00), as a result of McNamee Hosea's constructive fraud;

(d)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for attorneys' fees and costs incurred by Myers in connection with his prosecution of this action as a result of McNamee Hosea's constructive fraud; and

(e)     For such further and other relief as the Court may deem just and proper.

### COUNT VI
### FRAUDUELENT INDUCEMENT; FRAUDULENT MISREPRESENTATION

131.     Plaintiff incorporates each and every preceding paragraph of this Complaint as though fully set forth herein.

132.     The Representation Agreement is a valid, binding, and enforceable contract between Plaintiff and Defendant, evidences the Defendant's promise to give legal advice to the Plaintiff, and evidences an attorney-client relationship between the Plaintiff and the Defendant.

133.     The Defendant made false statements of material fact to Plaintiff that the Contribution and Guarantee Agreement was authorized, lawful and in the Plaintiff's best interest.

134.    The Defendant represented to Plaintiff, through acts of material omission, that the Contribution and Guarantee Agreement was authorized, lawful and in the Plaintiff's best interest.

135.    The Defendant knew that its statements were false or made the statements without knowledge of the statements' truth or falsity.

136.    The Plaintiff was ignorant of the falsity off the Defendant's representations, and the falsity of these representations is material inasmuch as the Plaintiff reasonably relied on these representations in his decision to execute the Contribution and Guarantee Agreement.

137.    The Defendant and its principals knew these representations to be false, being persons intimately familiar with the practice of law and the nature of the Contribution and Guarantee Agreement and the Plaintiff's Bankruptcy Case.  Despite this familiarity, the Defendant and its principals propagated the false representations and material omissions to the benefit of their business interests and to the detriment of Plaintiff's economic interests.

138.    The Defendant intended for its false statements of material fact, false representations, and material omissions to induce Plaintiff to enter into the Contribution and Guarantee Agreement.

139.    The Defendant had actual knowledge of the wrongfulness of the conduct in question and the high probability that Plaintiff would reasonably rely on the Defendant's false statements of material fact, false representations, and material omissions, resultantly incurring damages.

140.    The Defendant and its principals, despite such knowledge, intentionally pursued this conduct.

141.    The Defendant's false statements of material fact, false representations, and material omissions were each part of a scheme to induce Plaintiff to execute the Contribution and

28

Guarantee Agreement.

142.   The Plaintiff did justifiably and detrimentally rely on the Defendant's false statements of material fact, false representations, and material omissions.

143.   The Defendant's false statements of material fact, false representations, and material omissions resulted in the Plaintiff executing the Contribution and Guarantee Agreement, which the Plaintiff would not have done had such fraudulent inducement and fraudulent misrepresentation not occurred.

144.   The Defendant's false statements of material fact, false representations, and material omissions resulted in Plaintiff incurring alleged liability which exceeds that which Plaintiff would have incurred had such fraud not occurred.

145.   The Defendant's false statements of material fact, false representations, and material omissions have resulted in the Plaintiff being materially damaged.

WHEREFORE, Plaintiff prays for relief as follows:

(a)   That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for fraudulent inducement and fraudulent misrepresentation, and that the Court award Myers those losses and damages incurred by Myers as a result of McNamee Hosea's fraudulent inducement and fraudulent misrepresentation;

(b)   That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for all foreseeable losses and damages incurred by Myers as a result of McNamee Hosea's fraudulent inducement and fraudulent misrepresentation;

(c)   That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for punitive damages, in an amount *not less than* Ten Million Dollars ($10,000,000.00), as a result of

29

McNamee Hosea's fraudulent inducement and fraudulent misrepresentation;

(d)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for attorneys' fees and costs incurred by Myers in connection with his prosecution of this action as a result of McNamee Hosea's fraudulent inducement and fraudulent misrepresentation; and

(e)     For such further and other relief as the Court may deem just and proper.

## COUNT VII
## BREACH OF FIDUCIARY DUTY

146.     Plaintiff incorporates each and every preceding paragraph of this Complaint as though fully set forth herein.

147.     The Representation Agreement is a valid, binding, and enforceable contract between Plaintiff and Defendant, evidences the Defendant's promise to give legal advice to the Plaintiff, and evidences an attorney-client relationship between the Plaintiff and the Defendant.

148.     As Plaintiff's attorneys, the Defendant owed Plaintiff a fiduciary duty to provide skillful and competent representation and to act at all times in good faith and in the Plaintiff's best interests, to perform the services for which they were retained with reasonable care, skill, and diligence that are commonly exercised by other attorneys in similar conditions and circumstances, and to act in Plaintiff's highest and best interests at all times, and to not expose Plaintiff to any unnecessary risk or peril.

149.     The Defendant breached its fiduciary duty to Plaintiff by failing to provide skillful and competent representation and to act at all times in good faith and in the Plaintiff's best interests, to perform the services for which they were retained with reasonable care, skill, and diligence that are commonly exercised by other attorneys in similar conditions and circumstances, and to act in

Plaintiff's highest and best interests at all times, and to not expose Plaintiff to any unnecessary risk or peril, including without limitation, failing to properly counsel and advise Plaintiff that the Contribution and Guarantee Agreement was unauthorized, unlawful and not in Plaintiff's best interest.

150.    The Defendant breached its fiduciary duty to Plaintiff by making false statements of material fact to Plaintiff, when the Defendant and its principals knew these statements and representations to be false, being persons intimately familiar with the practice of law and the nature of the Contribution and Guarantee Agreement and the Plaintiff's Bankruptcy Case. Despite this familiarity, the Defendant and its principals propagated the false representations and material omissions to the benefit of their business interests and to the detriment of Plaintiff's economic interests.

151.    The Defendant breached its fiduciary duty to Plaintiff by inducing Plaintiff to execute the Contribution and Guarantee Agreement when the Defendant had actual knowledge of the wrongfulness of its conduct, and despite such knowledge, intentionally pursued the wrongful conduct to induce Plaintiff to execute the Contribution and Guarantee Agreement, which the Plaintiff would not have done had such fraud not occurred.

152.    The Defendant breached their duty by failing to properly counsel and advise Plaintiff in order to limit the litigation in Plaintiff's Bankruptcy Case, by placing the Defendant's interests in charging fees above Plaintiff's interests, and by generally mishandling, mismanaging, and overbilling in the Bankruptcy Case to such an extent that Plaintiff was forced to incur excessive and unnecessary legal fees and expenses, and further, was ultimately forced to retain Florida counsel because Plaintiff's position had become so compromised by the failures of the Defendant to manage the

Plaintiff's Bankruptcy Case and associated litigation in a prudent manner.

153.    The Defendant's false statements, false representations, and material omissions resulted in Plaintiff incurring alleged liability which exceeds that which Plaintiff would have incurred had such breach of fiduciary duty not occurred.

154.    The Defendant's breach of its fiduciary duty to Plaintiff by failing to provide skillful and competent representation and to act at all times in good faith and in the Plaintiff's best interests, to perform the services for which they were retained with reasonable care, skill, and diligence that are commonly exercised by other attorneys in similar conditions and circumstances, and to act in Plaintiff's highest and best interests at all times, and to not expose Plaintiff to any unnecessary risk or peril, including without limitation, failing to properly counsel and advise Plaintiff that the Contribution and Guarantee Agreement was unauthorized, unlawful and not in Plaintiff's best interest, has resulted in the Plaintiff incurring alleged liability which exceeds that which Plaintiff would have incurred had such breach of fiduciary duty not occurred.

155.    The Defendant's breach of its fiduciary duty to Plaintiff by failing to provide skillful and competent representation and to act at all times in good faith and in the Plaintiff's best interests, to perform the services for which they were retained with reasonable care, skill, and diligence that are commonly exercised by other attorneys in similar conditions and circumstances, and to act in Plaintiff's highest and best interests at all times, and to not expose Plaintiff to any unnecessary risk or peril, including without limitation, failing to properly counsel and advise Plaintiff that the Contribution and Guarantee Agreement was unauthorized, unlawful and not in Plaintiff's best interest, has resulted in the Plaintiff being materially damaged.

WHEREFORE, Plaintiff prays for relief as follows:

(a)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for breach of fiduciary duty, and that the Court award Myers those losses and damages incurred by Myers as a result of McNamee Hosea's breach of fiduciary duty;

(b)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for all foreseeable losses and damages incurred by Myers as a result of McNamee Hosea's breach of fiduciary duty;

(c)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for punitive damages, in an amount *not less than* Ten Million Dollars ($10,000,000.00), as a result of McNamee Hosea's breach of fiduciary duty;

(d)     That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for attorneys' fees and costs incurred by Myers in connection with his prosecution of this action as a result of McNamee Hosea's breach of fiduciary duty; and

(e)     For such further and other relief as the Court may deem just and proper.

## COUNT VIII
## LEGAL MALPRACTICE

156.    Plaintiff incorporates each and every preceding paragraph of this Complaint as though fully set forth herein.

157.    The Representation Agreement is a valid, binding, and enforceable contract between Plaintiff and Defendant, evidences the Defendant's promise to give legal advice to the Plaintiff, and evidences an attorney-client relationship between the Plaintiff and the Defendant.

158.    As Plaintiff's attorneys, the Defendant owed Plaintiff a duty to provide skillful and competent representation and to act at all times in good faith and in the Plaintiff's best interests, to

33

perform the services for which they were retained with reasonable care, skill, and diligence that are commonly exercised by other attorneys in similar conditions and circumstances, and to act in Plaintiff's highest and best interests at all times, and to not expose Plaintiff to any unnecessary risk or peril.

159.   The Defendant committed legal malpractice by failing to provide skillful and competent representation and to act at all times in good faith and in the Plaintiff's best interests, to perform the services for which they were retained with reasonable care, skill, and diligence that are commonly exercised by other attorneys in similar conditions and circumstances, and to act in Plaintiff's highest and best interests at all times, and to not expose Plaintiff to any unnecessary risk or peril.

160.   The Defendant committed legal malpractice by disclosing information that is vital to Plaintiff's case to the United States Trustee, the Chapter 7 Trustee, and opposing counsel.

161.   The Defendant committed legal malpractice by failing to understand and apply the law correctly to Plaintiff's facts and circumstances, including without limitation, failing to properly understand and apply Florida common law correctly to Plaintiff's facts and circumstances.

162.   The Defendant committed legal malpractice by making false statements of material fact to Plaintiff, when the Defendant and its principals knew these statements and representations to be false, being persons intimately familiar with the practice of law and the nature of the Contribution and Guarantee Agreement and the Plaintiff's Bankruptcy Case.  Despite this familiarity, the Defendant and its principals propagated the false representations and material omissions to the benefit of their business interests and to the detriment of Plaintiff's economic interests.

163.   The Defendant committed legal malpractice by inducing Plaintiff to execute the

34

Contribution and Guarantee Agreement when the Defendant had actual knowledge of the wrongfulness of its conduct, and despite such knowledge, intentionally pursued the wrongful conduct to induce Plaintiff to execute the Contribution and Guarantee Agreement, which the Plaintiff would not have done had such legal malpractice not occurred.

164.    The Defendant committed legal malpractice by failing to properly counsel and advise Plaintiff in order to limit the litigation in Plaintiff's Bankruptcy Case, and by generally mishandling and mismanaging the Plaintiff's Bankruptcy Case to such an extent that Plaintiff was forced to incur excessive and unnecessary legal fees and expenses, and further, with Plaintiff ultimately being forced to retain Florida counsel because Plaintiff's position had become so compromised by the failures of the Defendant to manage the Plaintiff's Bankruptcy Case and associated litigation in a prudent manner, *including without limitation*, negligently allowing the Plaintiff to be subject to what the Defendant (Craig Palik, Esq.) described as "legalized extortion," and not taking proper steps to remedy same.

165.    The Defendant committed legal malpractice by representing Barbara Ann Kelly's interests *at the same time* Defendant was purportedly representing the Plaintiff's legal interests.

166.    The Defendant committed legal malpractice by representing Serv Trust's interests *at the same time* Defendant was purportedly representing the Plaintiff's legal interests.

167.    The Defendant committed legal malpractice by Defendant's acts and omissions in connection with the Contribution and Guarantee Agreement, which acts and omissions constitute a violation of the automatic stay pursuant to 11 U.S.C. § 362 which prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property

35

of the estate."[4]

168.    The Defendant committed legal malpractice by not obtaining approval of the Court, with required statutory notice and a hearing, before taking any action with respect to the Contribution and Guarantee Agreement, including advising Plaintiff to execute the Contribution and Guarantee Agreement.

169.    The Defendant committed legal malpractice by filing the February 14, 2017 Supplemental Disclosure (Doc. 310), which states "[t]he undersigned has received no transfer, **assignment** or pledge of property from Debtor" given that the Contribution and Guarantee Agreement, *inter alia*, states:

> Any such one-third (33.3%) payment to [McNamee Hosea] toward the payment of legal fees that have been incurred by Myers in the Bankruptcy Case shall be payable within three days of receipt of any funds by Kelly and Myers pursuant to the entry of such Order by the Bankruptcy Court granting in whole or in part the Kelly Surplus Escrow Funds Motion and shall be irrevocably and unconditionally **assigned** to [McNamee Hosea].

170.    The Defendant committed legal malpractice by failing to adequately prepare the Plaintiff's bankruptcy schedules and statement of financial affairs, and amendments to same, including without limitation, failing to schedule the Plaintiff's tenants-by-the-entireties property as exempt on Schedule C.

171.    The Defendant committed legal malpractice by failing to take all necessary actions, including without limitation, filing all necessary and appropriate motions and other pleadings in the Bankruptcy Case in order to adequately protect the Plaintiff's interests, including without limitation,

---

[4] Section 363(k) of the Bankruptcy Code provides, in relevant part, that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, **may recover punitive damages.**"

filing motions to avoid judicial liens pursuant to 11 U.S.C. § 522(f).

172.    The Defendant committed legal malpractice by failing to file any objection to 6789

Goldsboro LLC's late-filed (i.e., time-barred) proof of claim.

173.    The Defendant committed legal malpractice by failing to file a motion to

withdraw its representation of Myers in the Offit Kurman Adversary (Adversary Proceeding No.

16-00474), and failure to adhere to the rules governing McNamee Hosea's professional

responsibilities to Myers, thereby severely prejudicing Myers' legal rights, and thereby

irreparably harming Myers. Specifically, McNamee Hosea has never provided Myers with a

seven (7) day notice of intent to withdraw as counsel, as required by Local Rule 9010-4, in

Adversary Proceeding No. 16-00474.  The only notice that McNamee Hosea sent to Myers is

dated April 6, 2016, and states "Re: Notice of Intent to Withdraw Representation In re: Gregory

B. Myers Case No. 15-26033 Chapter 7."  The April 6 Notice does not state that McNamee

Hosea is providing "Notice of Intent to Withdraw Representation" in Adversary Proceeding No.

16-00474. In fact, all of the "Proceeding Memo[s] – Adversary Proceeding" in Adversary

Proceeding No. 16-00474 state, "Craig Palik representing Gregory B. Myers (Plaintiff)."

Further, the CMECF-DktRpt(s) in Adversary Proceeding No. 16-00474 identify the "Plaintiff" as

"Gregory B. Myers" … "represented by Craig Palik McNamee Hosea PA." Myers has never been

advised by McNamee Hosea or the Court that Myers needed to have new counsel enter an

appearance on his behalf in Adversary Proceeding No. 16-00474 in order to adequately protect

his rights.

174.    The Defendant committed legal malpractice by failing to file a motion to

withdraw its representation of Myers in the NFCU Adversary (Adversary Proceeding No. 17-

00079), and failure to adhere to the rules governing McNamee Hosea's professional responsibilities to Myers, thereby severely prejudicing Myers' legal rights, and thereby irreparably harming Myers. Specifically, McNamee Hosea has never provided Myers with a seven (7) day notice of intent to withdraw as counsel, as required by Local Rule 9010-4, in Adversary Proceeding No. 17-00079. The only notice that McNamee Hosea sent to Myers is dated April 6, 2016, and states "Re: Notice of Intent to Withdraw Representation In re: Gregory B. Myers Case No. 15-26033 Chapter 7." The April 6 Notice does not state that McNamee Hosea is providing "Notice of Intent to Withdraw Representation" in Adversary Proceeding No. 17-00079. In fact, all of the "Proceeding Memo[s] – Adversary Proceeding" in Adversary Proceeding No. 17-00079 state, "Craig Palik representing Gregory B. Myers (Plaintiff)." Further, the CMECF-DktRpt(s) in Adversary Proceeding No. 17-00079 identify the "Plaintiff" as "Gregory B. Myers" … "represented by Craig Palik McNamee Hosea PA." Myers has never been advised by McNamee Hosea or the Court that Myers needed to have new counsel enter an appearance on his behalf in Adversary Proceeding No. 17-00079 in order to adequately protect his rights.

175.    The Defendant committed legal malpractice by failing to file any objection to 6789 Goldsboro LLC's late-filed (i.e., time-barred) proof of claim.

176.    The Defendant committed legal malpractice by filing an Amended Plan and Amended Disclosure Statement without first providing the Debtor with the opportunity to adequately review and understand the terms and conditions of same.

177.    The Defendant committed legal malpractice by incorrectly advising Plaintiff concerning lift-stay motions filed in the Plaintiff's Bankruptcy Case.

178.    The Defendant committed legal malpractice by advising the Plaintiff that late-filing monthly operating reports was "not a problem" and "no big deal."

179.    The Defendant committed legal malpractice by providing Plaintiff with a pre-bankruptcy questionnaire that was devoid of any questions concerning the disclosure of a "guarantee" agreement.

180.    The Defendant committed legal malpractice by failing to adequately defend the United States Trustee's Motion to Convert Case to Chapter 7 or, In the Alternative, to Dismiss Case (Doc. 167).

181.    There were numerous other instances of legal malpractice wherein the conduct of the Defendant, and Defendant's individual attorneys, fell below the applicable standard of care during the course of the Defendant's representation of the Plaintiff. The Defendant, and each of its attorneys, failed to exercise reasonable care and skill in their representation of Plaintiff by negligently and carelessly doing all of the acts and omissions as herein alleged, and by generally mishandling, mismanaging, and overbilling in this case to such an extent that Plaintiff has incurred excessive legal fees and expenses and Plaintiff's position has become compromised by the negligence of the Defendant.

182.    Had the Defendant and its individual attorneys not been negligent or otherwise acted wrongfully, the outcome of the Plaintiff's Bankruptcy Case would have been materially different and Plaintiff would not have suffered the damages, financial losses, and harm which the Plaintiff has suffered.

183.    The conduct of the Defendant, including the conduct of each of its attorneys, in doing the acts and omissions herein alleged, constituting legal malpractice, was the proximate and foreseeable cause of the damages, financial losses, and harm which the Plaintiff has suffered.

WHEREFORE, Plaintiff prays for relief as follows:

(a)    That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for legal malpractice, and that the Court award Myers those losses and damages incurred by Myers as a result of McNamee Hosea's legal malpractice;

(b)    That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for all foreseeable losses and damages incurred by Myers as a result of McNamee Hosea's legal malpractice;

(c)    That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for punitive damages, in an amount *not less than* Ten Million Dollars ($10,000,000.00), as a result of McNamee Hosea's legal malpractice;

(d)    That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for attorneys' fees and costs incurred by Myers in connection with his prosecution of this action as a result of McNamee Hosea's legal malpractice; and

(e)    For such further and other relief as the Court may deem just and proper.

### COUNT IX
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

184.    Plaintiff incorporate each and every preceding paragraph of this Complaint as though fully set forth herein.

185.    The Representation Agreement is a valid, binding, and enforceable contract between

40

Plaintiff and Defendant, evidences the Defendant's promise to give legal advice to the Plaintiff, and evidences an attorney-client relationship between the Plaintiff and the Defendant.

186.   As Plaintiff's attorneys, the Defendant owed Plaintiff a fiduciary duty to provide skillful and competent representation and to act at all times in good faith and in the Plaintiff's best interests, to perform the services for which they were retained with reasonable care, skill, and diligence that are commonly exercised by other attorneys in similar conditions and circumstances, and to act in Plaintiff's highest and best interests at all times, and to not expose Plaintiff to any unnecessary risk or peril.

187.   The Defendant materially breached its fiduciary duty to Plaintiff by failing to provide skillful and competent representation and to act at all times in good faith and in the Plaintiff's best interests, to perform the services for which they were retained with reasonable care, skill, and diligence that are commonly exercised by other attorneys in similar conditions and circumstances, and to act in Plaintiff's highest and best interests at all times, and to not expose Plaintiff to any unnecessary risk or peril, including without limitation, failing to properly counsel and advise Plaintiff that the Contribution and Guarantee Agreement was unauthorized, unlawful and not in Plaintiff's best interest.

188.   The Defendant materially breached its fiduciary duty to Plaintiff by making false statements of material fact to Plaintiff, when the Defendant and its principals knew these statements and representations to be false, being persons intimately familiar with the practice of law and the nature of the Contribution and Guarantee Agreement and the Plaintiff's Bankruptcy Case. Despite this familiarity, the Defendant and its principals propagated the false representations and material omissions to the benefit of their business interests and to the detriment of Plaintiff's economic

interests.

189.    The Defendant materially breached its fiduciary duty to Plaintiff by inducing Plaintiff to execute the Contribution and Guarantee Agreement when the Defendant had actual knowledge of the wrongfulness of its conduct, and despite such knowledge, intentionally pursued the wrongful conduct to induce Plaintiff to execute the Contribution and Guarantee Agreement, which the Plaintiff would not have done had such fraud not occurred.

190.    The Defendant materially breached their duty by failing to properly counsel and advise Plaintiff in order to limit the litigation in Plaintiff's Bankruptcy Case, by placing the Defendant's interests in charging fees above Plaintiff's interests, and by generally mishandling, mismanaging, and overbilling in the Bankruptcy Case to such an extent that Plaintiff was forced to incur excessive and unnecessary legal fees and expenses, and further, was ultimately forced to retain Florida counsel because Plaintiff's position had become so compromised by the failures of the Defendant to manage the Plaintiff's Bankruptcy Case and associated litigation in a prudent manner.

191.    The Defendant's material breach of its fiduciary duty to Plaintiff by failing to provide skillful and competent representation and to act at all times in good faith and in the Plaintiff's best interests, to perform the services for which they were retained with reasonable care, skill, and diligence that are commonly exercised by other attorneys in similar conditions and circumstances, and to act in Plaintiff's highest and best interests at all times, and to not expose Plaintiff to any unnecessary risk or peril, including without limitation, failing to properly counsel and advise Plaintiff that the Contribution and Guarantee Agreement was unauthorized, unlawful and not in Plaintiff's best interest, has resulted in the Plaintiff incurring alleged liability which exceeds that which Plaintiff would have incurred had such negligent infliction of emotional distress not occurred.

42

192.   The Defendant's material breach of its fiduciary duty to Plaintiff by failing to provide skillful and competent representation and to act at all times in good faith and in the Plaintiff's best interests, to perform the services for which they were retained with reasonable care, skill, and diligence that are commonly exercised by other attorneys in similar conditions and circumstances, and to act in Plaintiff's highest and best interests at all times, and to not expose Plaintiff to any unnecessary risk or peril, including without limitation, failing to properly counsel and advise Plaintiff that the Contribution and Guarantee Agreement was unauthorized, unlawful and not in Plaintiff's best interest, has resulted in the Plaintiff being materially damaged.

193.   Defendant knew that its material breach of its fiduciary duty to Plaintiff by failing to provide skillful and competent representation and to act at all times in good faith and in the Plaintiff's best interests, to perform the services for which they were retained with reasonable care, skill, and diligence that are commonly exercised by other attorneys in similar conditions and circumstances, and to act in Plaintiff's highest and best interests at all times, and to not expose Plaintiff to any unnecessary risk or peril, including without limitation, failing to properly counsel and advise Plaintiff that the Contribution and Guarantee Agreement was unauthorized, unlawful and not in Plaintiff's best interest, was not justified.

194.   Defendant knew that its intentional, unlawful, malicious and unjustified actions with respect to Plaintiff were causing Plaintiff to experience severe emotional distress and mental pain and suffering.

.   195.   The Defendant has intentionally, deliberately, and recklessly inflicted severe emotional distress and mental pain and suffering upon the Plaintiff.

196.   Defendant's intentional, unlawful, malicious and unjustified actions in an effort to

43

induce Plaintiff to enter into the Contribution and Guarantee Agreement, when it knew such acts were causing Plaintiff severe emotional distress and mental pain and suffering, constitutes outrageous conduct.

197.    The Defendant's conduct was motivated, at least in part, by the potential for unreasonable financial gain, constituting unclean hands.

198.    Plaintiff has suffered severe emotional distress and mental pain and suffering, with accompanying physical symptoms as a result of the Defendant's intentional, unlawful, malicious and unjustified conduct.

199.    Plaintiff continues to suffer severe emotional distress and mental pain and suffering with physical manifestations.

200.    Defendant's intentional, unlawful, malicious and unjustified actions in an effort to in an effort to induce Plaintiff to enter into the Contribution and Guarantee Agreement, have caused Plaintiff to suffer severe emotional distress and mental pain and suffering with physical manifestations and thereby materially and irreparably harming Plaintiff.

WHEREFORE, Plaintiff prays for relief as follows:

(a)    That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for negligent infliction of emotional distress, and that the Court award Myers those losses and damages incurred by Myers as a result of McNamee Hosea's negligent infliction of emotional distress;

(b)    That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for all foreseeable losses and damages incurred by Myers as a result of McNamee Hosea's negligent infliction of emotional distress;

(c)    That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for

44

punitive damages, in an amount *not less than* Ten Million Dollars ($10,000,000.00), as a result of McNamee Hosea's negligent infliction of emotional distress;

      (d)    That the Court enter a judgment in favor of Myers, and against McNamee Hosea, for attorneys' fees and costs incurred by Myers in connection with his prosecution of this action as a result of McNamee Hosea's negligent infliction of emotional distress; and

      (e)    For such further and other relief as the Court may deem just and proper.

## RESERVATION OF RIGHTS

Plaintiff hereby reserve the right to add additional facts and claims not currently known and that may be revealed through discovery in this matter.

RESPECTFULLY SUBMITTED on this 25th day of October, 2017.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

## JURY TRIAL DEMAND

Plaintiff Gregory B. Myers does hereby demand a trial by jury on all counts of his Complaint so triable.

Gregory B. Myers, *pro se*

45

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of October, 2017, a copy of the foregoing was mailed first class, postage prepaid to:

Stephen C. Hosea, Resident Agent
McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770

Michael J. McAuliffe, Esq.
Ethridge, Quinn, Kemp, Mcauliffe, Rowan & Hartinger
33 Wood Lane
Rockville, Maryland 20850

Daniel Fogarty, Esq.
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison St., Ste. 200
Tampa, FL 33602

Roger Schlossberg, Esq.
Frank Mastro, Esq.
Schlossberg & Mastro
18421 Henson Blvd., Suite 201
Hagerstown, MD 21742
*Counsel for Chapter 7 Trustee*

Paul Sweeney, Esq.
Yumkas, Vidmar, Sweeney & Mulrenin, LLC
10211 Wincopin Circle, Suite 500
Columbia, MD 21044
*Counsel for Chapter 7 Trustee*

Office of the United States Trustee
Attn: Lynn A. Kohen, Esq.
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770


_____
Gregory B. Myers, *pro se*

46